IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Gena Almaden, | ) Civ. No. 12-00390 HG-BMK |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Peninsula Mortgage, Inc.; | ) |
| Flagstar Bank, FSB; | ) |
| Mortgage Electronic | ) |
| Registration Systems, Inc.; | ) |
| Federal Home Loan Mortgage | ) |
| Corporation; John DOES 1- | ) |
| 20; Jane DOES 1-10; DOE | ) |
| Partnerships 1-10; DOE | ) |
| Corporations 1-10; DOE | ) |
| Entities 1-10 and DOE | ) |
| Governmental Units 1-10. | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
THE COMPLAINT (DOC. 4, DOC. 9)**

On February 16, 2012, Plaintiff Gena Almaden filed a
Complaint asserting various claims in connection with a mortgage
loan transaction.  Plaintiff challenges the non-judicial
foreclosure of the mortgage and requests a variety of other
relief.  Defendants seek dismissal of the Complaint for failure
to state a claim.

Defendants Flagstar Bank, FSB, Mortgage Electronic
Registration Systems, Inc., and Federal Home Loan Mortgage
Corporation's Motion to Dismiss (Doc. 4) is **GRANTED WITH LEAVE
TO FILE A MOTION TO AMEND.**

1

Defendant Peninsula Mortgage, Inc.'s Motion to Dismiss (Doc. 9) is **GRANTED WITH LEAVE TO FILE A MOTION TO AMEND.**

## PROCEDURAL HISTORY

On February 16, 2012, Plaintiff Gena Almaden ("Plaintiff" or "Almaden") filed a four-count Complaint in the Circuit Court for the Third Circuit, State of Hawaii.

Defendants Flagstar Bank FSB ("Flagstar Bank"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Federal Home Loan Mortgage Corporation ("Freddie Mac") removed the action to this Court on July 11, 2012.

On July 18, 2012, Defendants Flagstar Bank, MERS, and Freddie Mac filed a Motion to Dismiss ("Flagstar, MERS, and Freddie Mac's Motion to Dismiss").  (Doc. 4.)

On July 20, 2012 Defendant Peninsula Mortgage, Inc. ("Peninsula Mortgage") filed a Motion to Dismiss ("Peninsula Mortgage's Motion to Dismiss").  (Doc. 9.)

On July 23, 2012 Defendant Peninsula Mortgage filed a motion to join Defendants Flagstar Bank, MERS, and Freddie Mac's Motion to Dismiss.  (Doc. 11.)

On September 19, 2012 the Court granted Peninsula Mortgage's Motion for Joinder (Doc. 24).

On September 21, 2012 the Court held a hearing on the Motions to Dismiss.

**BACKGROUND**

On August 9, 2007 Plaintiff Almaden entered into a mortgage agreement to finance the purchase of real property located at 43-2030 Pohakea Mauka Road, Paauilo, Hawaii 96776 ("Property") (Flagstar, MERS, and Freddie Mac's Motion to Dismiss Ex. B, Mortgage[1]; Complaint at ¶¶ 15-16.)   Defendant Peninsula Mortgage is listed as the lender on the Mortgage and Defendant MERS is listed as the mortgagee "acting solely as nominee for Lender and Lender's successors and assigns." (Id.)   Defendant Flagstar Bank acted as servicer for the Mortgage.   (Complaint at ¶ 31.)

On March 6, 2010, Flagstar Bank notified Plaintiff her Mortgage was in default. (Id. at ¶ 32.)   On May 19, 2010, MERS, as nominee for Peninsula Mortgage, assigned the Mortgage and Note to Flagstar Bank ("First Assignment").   (Id. at ¶ 33.)   The First Assignment was recorded in the State of Hawaii Bureau of Conveyances on June 1, 2010 as Document Number 2010-075091. (Flagstar, MERS, and Freddie Mac's Motion to Dismiss Ex. D, Assignment.)

On July 6, 2010, Flagstar Bank recorded a Notice of

---

[1]   Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of copies of the mortgage, assignment of the mortgage, and related documents, because they are public documents.   See Cootey v. Countrywide Home Loans, Inc., 2011 WL 2441707, at *1 n. 2 (D. Haw. 2011); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) ("On a motion to dismiss, we may take judicial notice of matters of public record outside the pleadings.").

Mortgagee's Non-Judicial Foreclosure Under Power of Sale, which advised of Flagstar Bank's intention to sell the Property. (Flagstar, MERS, and Freddie Mac's Motion to Dismiss Ex. E, Non-Judicial Foreclosure Notice.)  On February 24, 2011, the Property was sold at a non-judicial foreclosure sale to Flagstar Bank. (Id. Ex. F, Mortgagee's Affidavit of Foreclosure Under Power of Sale.)

On April 14, 2011 Flagstar Bank conveyed the Property to Freddie Mac by quitclaim deed ("Second Assignment"). (Id. Ex. E, Quitclaim Deed.)  The Second Assignment was recorded in the State of Hawaii Bureau of Conveyances on May 3, 2011 as Document Number 2011-072046. (Id.)

Plaintiff challenges the loan origination, the assignments of the mortgage, and the non-judicial foreclosure on the property.  (Complaint at ¶¶ 21-29, 33-37, 39-45.) Plaintiff also claims she was entitled to a loan modification.  (Complaint at ¶¶ 46-59.)

Defendants move to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## **STANDARD OF REVIEW**

The Court must dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it

4

fails "to state a claim upon which relief can be granted." Factual allegations asserted in the Complaint are considered true for the purposes of Defendants' Motion to Dismiss. See Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. Id. at 699. The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

In Bell Atl. Corp. V. Twombly, the United States Supreme Court addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context. 550 U.S. 544 (2007). The Supreme Court stated that Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to

5

relief above the speculative level." Id. at 555.

Most recently, in Ashcroft v. Iqbal, the Supreme Court clarified that the principles announced in Twombly are applicable in all civil cases. 556 U.S. 662 (2009). The Court stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Id. at 678 (citing Twombly, 550 U.S. at 555). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. (quoting Twombly, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

6

**Rule 9(b) Heightened Pleading Standard for Fraud Claims**

When pled in federal court, fraud claims must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). <u>See, e.g.</u>, <u>Kapahu v. BAC Home Loans Servicing, LP</u>, 2010 WL 2734774, at *3 (D. Haw. 2010).[2]  Rule 9(b) requires a party asserting a fraud or mistake claim to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  The claim must "be accompanied by the 'who, what, when, where, and how' of the misconduct charged." <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120 (9th Cir. 2009) (internal citation and quotation marks omitted).  A plaintiff "must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1393 (9th Cir. 1988).  The circumstances constituting fraud must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." <u>Vess v. Ciba-Geigy Corp. USA</u>, 371 F.3d 1097, 1106 (9th Cir. 2003) (<u>quoting</u> <u>Neubronner v. Milken</u>, 6 F.3d 666, 672 (9th Cir. 1993)).

---

[2] Hawaii Rule of Civil Procedure 9(b) similarly requires averments of fraud to be plead with heightened particularity. <u>See</u> <u>Giles v. Giles</u>, 37 P.3d 589, 593 (Haw. Ct. App. 2001).

## ANALYSIS

The Complaint lists four counts:

Count I:              Fraud

Count II:             Quiet Title

Count III:            Unfair and Deceptive Acts or Practices

Count V [sic][3]:     Intentional Infliction of Emotional Distress

Defendants move to dismiss all counts for failure to state claims upon which relief can be granted.

## COUNT I: FRAUD

Under Hawaii Law, a party claiming fraud must establish the following elements: "(1) false representations were made by defendants, (2) with knowledge of their falsity (or without knowledge of their truth or falsity), (3) in contemplation of plaintiff's reliance upon these false representations, and (4) plaintiff did rely upon them." Shoppe v. Gucci Am., Inc., 94 Haw. 368, 386, 14 P.3d 1049, 1067 (2000)(internal quotation marks and citations omitted).

### A.    The Loan Initiation Process

Almaden alleges Peninsula Mortgage and its "agents" falsified her loan application, improperly qualified her for a

---

[3] The Complaint numbers this count as Count V, although it is in actuality the fourth count alleged by Plaintiff.

loan, and did not provide her with the required loan documentation.  (Complaint at ¶¶ 19, 21-22, 25-26, 28).  Almaden fails to specify by who, when, where, and how any fraudulent conduct occurred.  See Kapahu v. BAC Home Loans Servicing, LP, Civ. No. 10-00097, 2010 WL 2734774, at *5 (D. Haw. July 8, 2010). Additionally, Almaden fails to plead the time and the place of the fraud.  Id.  "These allegations are insufficient to meet Plaintiffs' burden under Rule 8, much less the more rigorous requirements of Rule 9 that apply to these claims."  Id.

Qualifying a borrower for a loan she may not be able to afford is not fraudulent conduct.  Abubo v. Bank of New York Mellon, Civ. No. 11-00312 JMS-BMK, 2011 WL 6011787, at *6 (D. Haw. Nov. 30, 2011) (citing Phillips v. Bank of Am., Civ. No. 10-00551, 2011 WL 240813, at *10 (D. Haw. Jan. 21, 2011) (stating that "lenders generally owe no duty to a borrower not to place borrowers in a loan even where there was a foreseeable risk borrowers would be unable to repay" (citation and quotation marks omitted)).

Hawaii courts do not recognize predatory lending as a common-law cause of action.  Vertido v. GMAC Mortg. Corp., Civ. No. 11-00360 DAE-KSC, 2012 WL 139212, at *12 (Jan. 17, 2012). Almaden's allegations that Peninsula Mortgage utilized predatory lending practices fail to state a claim.

Almaden appears to claim that Peninsula Mortgage was an

unlicensed mortgage broker and she is therefore released from
honoring the Mortgage.  (Compl. at ¶ 29.)  Hawaii Revised Statute
Chapter 454 regulated mortgage brokers in Hawaii prior to its
repeal on January 1, 2011.[4]  Almaden executed the Mortgage
Agreement in February 2007.  The statutory provisions of HRS
Chapter 454 in effect in 2007 apply to Plaintiff's loan.  HRS §
454-8 provided, in pertinent part, that "[a]ny contract entered
into by any person with an unlicensed mortgage broker . . . shall
be void and unenforceable."  The definition of a mortgage broker
is not consistent with Plaintiff's allegations against Peninsula
Mortgage.  HRS § 454-1 defined "mortgage broker" as a person "who
for compensation or gain . . . makes, negotiates, acquires, or
offers to make, negotiate, or acquire a mortgage loan on behalf
of a borrower seeking a mortgage loan."  Plaintiff does not
allege that Peninsula Mortgage acted as a broker on her behalf.

Plaintiff's argument that Peninsula Mortgage is an
unlicensed mortgage broker rests on a notation on the recorded
Mortgage document stating "After recording Return To: Flagstar
Bank." (Flagstar, MERS, and Freddie Mac's Motion to Dismiss Ex.
B, Mortgage.)

---

[4]  HRS Chapter 454 was replaced by the Secure and Fair
Enforcement for Mortgage Licensing Act, HRS Chapter 454F,
effective July 1, 2010.  See 2010 Haw. Sess. Laws Ch. 84, §§ 29,
38. In order to facilitate the transition to licensing under
Chapter 454F, all licenses issued under Chapter 454 remained in
effect until December 31, 2010.  The repeal of Chapter 454 took
effect on January 1, 2011. Id.

In her Complaint she uses this notation as a basis for her allegation that Peninsula Mortgage is an unlicensed broker:  "it appears that PMI [Peninsula Mortgage] was an unlicensed mortgage broker acting as a table lender."  (Compl. at ¶ 29.)  Plaintiff's reasoning appears to be that Flagstar Bank was the actual lender rather than Peninsula Mortgage.  Her position is contradicted by her statement in her Complaint that Flagstar Bank was the servicer of the loan.  (Compl. at ¶ 31.)  It is also clear that the assignment to Flagstar Bank did not take place until almost three years later.

Plaintiff's Opposition does not address the fact that the Mortgage Agreement clearly states that "Lender is Peninsula Mortgage, Inc."[5]  (Flagstar, MERS, and Freddie Mac's Motion to Dismiss Ex. B, Mortgage.)  The allegations in the Complaint do not state a claim against Peninsula Mortgage for violation of HRS Chapter 454 as an unlicensed broker.

**B.   Loan Securitization**

Securitization occurs when the original lenders bundle the beneficial interest in individual loans and sell the bundles to

---

[5]  A district court "'may take judicial notice of matters of public record'" and consider them without converting a Rule 12 motion into one for summary judgment."  United States v. 14.02 Acres of Land More or Less in Fresno County, 547 F.3d 943, 955 (9th Cir. 2008) (citing Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)).

investors as mortgage-backed securities.  <u>Cervantes</u> at 1039.

Securitization in general does not give rise to a cause of

action.  <u>Sarmiento v. Bank of New York Mellon</u>, Civ. No. 10-00349

JMS-BMK, 2011 WL 884457 at *6 (D. Haw. Mar. 10, 2011)(citing

<u>Haskins v. Hoynihan</u>, 2010 WL 2691562, at *2 (D. Ariz. July 6,

2010)(rejecting claims based on securitization because Plaintiffs

could point to no law indicating that securitization of a

mortgage is unlawful, and "Plaintiffs fail to set forth facts

suggesting that Defendants ever indicated that they would not

bundle or sell the note in conjunction with the sale of mortgage-

backed securities")).

Plaintiff alleges that Peninsula Mortgage "and/or Flagstar

concealed the 'alleged' assignment and/or transfer of Plaintiff's

loan to various parties," sold the loan "to at least one

undisclosed investor," and "advanced payments to the undisclosed

third-party investors."  (Compl. at ¶¶ 42, 62-63, 71-72.) Almaden

fails to show how the undisclosed identity of beneficial owner(s)

of the Mortgage caused her any injury by, for example, affecting

the terms of her loan, her ability to repay the loan, and her

obligations as a borrower.  <u>See Cervantes</u> at 1042.  Plaintiff's

bare assertions fail to explain how the non-disclosures actually

affected her efforts to identify and contact the relevant party

to modify her loan.  (<u>Id.</u>)  Plaintiff fails to state a claim for

fraud based on the non-disclosure of investors.

C.    **The First Assignment - Assignment of the Mortgage and Note**
      **to Flagstar Bank**

As a preliminary matter, Almaden is barred from challenging
the validity of the assignment because she was not a party to the
contract nor a third party intended beneficiary.  Velasco v.
Security Nat. Mortg. Co., 823 F.Supp.2d 1061, 1067 (D. Haw.
2011).

Even assuming Almaden can challenge the assignment, the
language contained in the Mortgage Agreement and First Assignment
undercut her allegations.  Plaintiff alleges that MERS's May 19,
2012 assignment of the Mortgage to Flagstar Bank was fraudulent
because MERS, "solely as nominee," could not transfer the Note to
Flagstar. (Complaint at ¶¶ 33-34).  The Mortgage Agreement states
that "MERS is a separate corporation that is acting solely as a
nominee for Lender and Lender's successors and assigns."
(Flagstar, MERS, and Freddie Mac's Motion to Dismiss Ex. B,
Mortgage.)  The Mortgage clearly granted MERS the authority to
act on behalf of the lender Peninsula Mortgage and its successors
and assigns.  Velasco, 823 F.Supp.2d at 1068; see also Camat v.
Fed. Nat. Mortg. Ass'n, Civ. No. 12-00149, 2012 WL 2370201, at *7
(D. Haw. June 22, 2012).

While not entirely clear, Almaden appears to argue that the
loan was securitized and sold to Freddie Mac before the
assignment and therefore MERS, as nominee for Peninsula Mortgage,

13

did not have proper authority to assign the Mortgage.  (Compl. at ¶¶ 62-63.)  This argument fails because even if the Mortgage was sold to Freddie Mac before the assignment, MERS could still assign the Mortgage on behalf of the "lender's successor" Freddie Mac.

The mortgage agreement states that "Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale [.]"  (Flagstar, MERS, and Freddie Mac's Motion to Dismiss Ex. B, Mortgage.)  Under the express mortgage terms, MERS, as nominee for the lender and lender's successors and assigns, had the power to assign its right to foreclose on the Property to Flagstar Bank.

"[I]n light of the explicit terms of the mortgage signed by Plaintiffs, it does not appear that the [P]laintiffs were misinformed about MERS's role in their home loan."  Abubo, 2011 WL 6011787, at *8 (quoting Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1042 (9th Cir. 2011).  Plaintiff's allegations are insufficient to meet her burden under Fed. R. Civ. P. 8 and 9(b).


D.    **Wrongful Foreclosure**

When Flagstar Bank commenced non-judicial foreclosure proceedings on February 24, 2011, Hawaii law required "the

14

mortgagee, the mortgagees' successor in interest, or any person authorized by the power to act in the premises" initiate the non-judicial foreclosure. Haw. Rev. Stat. ¶ 667-5(a) (repealed by Laws 2012, ch. 182, eff. June 28, 2012). Flagstar Bank was the mortgagee and the lender's successor in interest to the Mortgage and Note. (Flagstar, MERS, and Freddie Mac's Motion to Dismiss Ex. D, First Assignment.) Additionally, as loan servicer, Flagstar Bank had authority to foreclose as an agent of the beneficial owner. See White v. IndyMac Bank, FSB, No. 09-00571, 2012 WL 966638, at *7-8 (D. Haw. Mar. 20, 2012). (recognizing a servicer can foreclose on behalf of the beneficial owner of the loan). Plaintiff fails to state a claim for fraud based on allegations that Flagstar Bank lacked the power to foreclose.

### 1.    The Court Rejects Plaintiff's "Show me the Note" Theory

To the extent Plaintiff alleges a "show me the note" theory, (See Complaint at ¶¶ 67), this claim fails because possession or production of the note is not required to commence non-judicial foreclosure proceedings. Brenner v. IndyMac Bank, F.S.B., Civ. No. 10-00113 SOM-BMK, 2010 WL 4666043, at *7 (D. Haw. Nov. 9, 2010; Long v. JP Morgan Chase Bank, Nat. Ass'n, 848 F. Supp. 2d 1166, 1180 (D. Haw. 2012) (citing Diessner v. Mortgage Electronic Registration Systems, 618 F.Supp.2d 1184, 1187 (D. Ariz.2009); Wallis v. IndyMac Fed. Bank, 717 F.Supp.2d 1195, 1200-01 (W.D.

Wash. 2010); <u>Mansour v. Cal-Western Reconveyance Corp.</u>, 618
F.Supp.2d 1178, 1181 (D. Ariz. 2009)).

Flagstar Bank held title to the Mortgage and the Note when
it commenced non-judicial foreclosure proceedings on February 24,
2011. Almaden's allegations do not raise any plausible claim
that Flagstar Bank lacked the authority to foreclose.


**2.    The Court Rejects Plaintiff's "Split the Note" Argument**

Plaintiff alleges that there is no evidence that the Note
was transferred to Flagstar Bank and without the Note, the
foreclosure was invalid. (Complaint at ¶¶ 34-36).  To the extent
that Plaintiff appears to advance a variation of the "split the
note" argument - that the note and deed are split so no party is
in a position to foreclose - that argument has been rejected by
the Ninth Circuit Court of Appeals.  <u>See Cervantes v. Countrywide
Home Loans Inc.</u>, 656 F.3d 1034, 1044-45 (9th Cir. 2011).  In
<u>Cervantes</u>, the court explained:

> [T]he deed and note must be held together [to initiate
> foreclosure] because the holder of the note is only
> entitled to repayment, and does not have the right under
> the deed to use the property as a means of satisfying
> repayment.  Conversely, the holder of the deed alone does
> not have a right to repayment and, thus, does not have an
> interest in foreclosing on the property to satisfy
> repayment.

<u>Id.</u> at 1039.  In addressing the "split the note" theory, the
court held that the notes and deeds are not irreparably split
when MERS holds the deed and the lender holds the note, the split

only renders the mortgage unenforceable if MERS or the party who initiated foreclosure in the name of the lender, as nominal holders of the deed, are not agents of the lender. Id. at 1044. In this case, MERS acted as an agent of the lender in assigning the Mortgage and Note to Flagstar Bank. Flagstar Bank initiated the non-judicial foreclosure as record holder of the Mortgage and Note and servicer of the loan.

Plaintiff Almaden has not raised a plausible claim that Defendants committed fraud during the non-judicial foreclosure proceedings.

**E.  The Second Assignment - Assignment of the Property to Freddie Mac**

Almaden does not sufficiently allege facts to support a fraud claim based on the Second Assignment which involved the transaction between Flagstar Bank and Freddie Mac. Plaintiff alleges that "loans sold or transferred to Freddie Mac must meet its underwriting criteria or are subject to repurchase" and "the subject loan does not meet the proper underwriting criteria." (Compl. at ¶¶ 38-39.)

Flagstar Bank obtained title to the Property at the non-judicial foreclosure sale on February 24, 2011. (Flagstar, MERS, and Freddie Mac's Motion to Dismiss Ex. F, Mortgagee's Affidavit of Foreclosure Under Power of Sale.) Flagstar Bank conveyed "all

17

of the estate, right, title, and interest" in the Property to
Freddie Mac via Quitclaim Deed.  The Quitclaim Deed was recorded
in the State of Hawaii Bureau of Conveyances on April 14, 2011.
(Id. Ex. G, Quitclaim Deed.)  Plaintiff's generalized allegations
that the assignment to Freddie Mac did not meet "proper
underwriting criteria" fail to state a claim for fraud.


**F.   Loan Modification**

     Under Hawaii Law, "[f]raud cannot be predicated on
statements which are promissory in their nature, or constitute
expressions of intention, and an actionable representation cannot
consist of mere broken promises, unfulfilled predictions or
expectations, or erroneous conjectures as to future events, even
if there is no excuse for failure to keep the promise, and even
though a party acted in reliance on such promise." Joy A.
McElroy, M.D., Inc. v. Maryl Group, Inc., 114 P.3d 929, 939 (Haw.
Ct. App. 2005).  Plaintiff claims that "Flagstar should have
considered, reviewed and allowed Plaintiff to obtain a loan
modification," she was "misled into believing that she would be
eligible for a loan modification," and that Flagstar Bank
represented it would provide loan relief then "failed to allow a
loan modification to be considered for Freddie Mac portfolio
loans." (Complaint at ¶¶ 46, 70, 73).

     Plaintiff fails to allege who, when, where, and how the

alleged misrepresentations occurred.  Plaintiff's claim does not
allege that Flagstar Bank lacked a present intent to fulfill a
promise to consider her for a modification at the time it
allegedly made such a promise.  See Tedder v. Deutsche Bank Nat.
Trust Co., 863 F. Supp. 2d. 1020, 1033 (D. Haw. 2012)
("Plaintiff's argument that Defendants somehow promised her that
she would qualify for loan modification, or even that Defendants
promised her that it would consider her application, cannot
support a plausible fraud claim unless Plaintiff can also allege
that, when Defendants made those promises, it never intended to
fulfill them").  Plaintiff's allegations are insufficient under
Fed. R. Civ. P. 9(b).


**G.   Improper Credit Reporting**

Plaintiff's improper credit reporting allegations fail to
meet the Fed. R. Civ. P. 8 and 9(b) requirements to plead a
sufficient claim for fraud.  In Rey v. Countrywide Home Loans,
Inc., Civ. No. 11-00142 JMS-KSC, 2012 WL 253137 (D. Haw. Jan. 26,
2012), the court addressed similar improper credit reporting
allegations.[6]  The court granted the defendant's motion to
dismiss, holding that the Complaint "fails to include any factual

---

[6] Plaintiff's counsel in Rey was also Robin Horner. Prior to
granting the motion to dismiss the Second Amended Complaint, the
court issued sanctions against Horner because the Amended
Complaint suffered from many of the same deficiencies as the
original Complaint.  Rey, 2012 WL 253137 at *3.

allegations whatsoever explaining what information Defendants reported to the credit reporting agencies, when Defendants provided the information, why this information was false, and precisely how this information lowered her credit scores." Id. at *8.  The types of detailed allegations missing from the Complaint in Rey are also missing from Almaden's Complaint.  Almaden has failed to meet her obligations under Fed. R. Civ. P. 8 and Fed. R. Civ. P. 9(b).

Count I for fraud is **DISMISSED WITH LEAVE TO FILE A MOTION TO AMEND.**


**COUNT II: QUIET TITLE**

Under Hawaii Revised Statute § 669-1(a), "[a]ction may be brought by any person against another person who claims, or who may claim adversely to the plaintiff, an estate or interest in real property, for the purpose of determining the adverse claim." H.R.S. § 669-1(a).

Plaintiff's claim for quiet title against Peninsula Mortgage, Flagstar Bank, and MERS fails because these Defendants do not have claims on the Subject Property.  See Haw. Rev. Stat. ¶ 669-1(a); see also Amina v. WMC Mortg. Corp., No. 10-00165, 2011 WL 1869835, at *8 (D. Haw. May 16, 2011).  MERS, as nominee of Peninsula Mortgage, assigned the Mortgage and Note on the Property to Flagstar Bank on May 19, 2010.  Flagstar Bank

20

transferred its title and interest in the property to Freddie Mac.

The quiet title claim against Freddie Mac fails because under Hawaii Revised Statue § 669-1, a borrower "may not assert 'quiet title' against a mortgagee without first paying the outstanding debt" on the property.  <u>Rosenfeld v. JPMorgan Chase Bank, N.A., et al.</u>, 732 F. Supp. 2d 952, 975 (quoting <u>Kelley v. Mort. Elec. Registration Sys</u>., 642 F. Supp. 2d. 1048, 1057 (N.D. Cal. 2009); <u>Mier v. Lordsman Inc.</u>, Civ. No. 10-00584, 2011 U.S. Dist. LEXIS 8484, at* 15-17 (D. Haw. Jan. 26, 2011)("[T]o assert a claim for quiet title against a mortgagee, a borrower must allege they have paid, or are able to tender, the amount of the indebtedness.").

Almaden does not dispute that she defaulted on her Mortgage payments, (<u>see</u> Complaint at ¶ 32), nor does she allege that she tendered the loan amount.  Instead, Almaden alleges "a formulaic recitation of the elements of the cause of action" for quiet title.  <u>Iqbal</u>, 129 S. Ct. At 1949.  Almaden does not state a valid claim for quiet title.  The Complaint alleges facts that would bar any such relief.

Plaintiff's quiet title claim is **DISMISSED WITH PREJUDICE**.


## COUNT III: UNFAIR AND DECEPTIVE TRADE PRACTICES ACT

Under the Hawaii Unfair and Deceptive Business Practice Act

("UDAP") it is unlawful to engage in "unfair or deceptive acts or practices in the conduct of any trade or commerce." Haw. Rev. Stat. § 480-2(a). The Hawaii Supreme Court describes "deceptive acts or practices" as having "the capacity or tendency to mislead or deceive." Courbat v. Dahana Ranch, Inc., 141 P.3d 427, 434-435 (Haw. 2006) (quoting State by Bronster v. U.S. Steel Corp., 919 P.2d 294, 312-13 (Haw. 1996)). The Hawaii Supreme Court has adopted the Federal Trade Commission's three-part analytical Cliffdale Assocs. test for deception. Id. (citing In re Cliffdale Assocs., Inc., 103 F.T.C. 110, Trade Cas. (CCH) P22137 (1984)). Under the Cliffdale Assocs. test, a deceptive act or practice is (1) a representation, omission, or practice that (2) is likely to mislead consumers acting reasonably under circumstances where (3) the representation, omission, or practice is material. Id.; see FTC v. Pantron I Corp., 33 F.3d 1088, 1095 (9th Cir. 1994). "A representation, omission, or practice is considered 'material' if it involves 'information that is important to consumers and, hence, likely to affect their choice of, or conduct regarding, a product.'" Id. (citing Novartis Corp. v. FTC, 343 U.S. App. D.C. 111, 223 F.3d 783, 786 (D.C. Cir. 2000)).

Any allegation under H.R.S. § 480-2(a) involving claims of fraudulent business practices must be plead with particularity pursuant to Fed. R. Civ. P. 9(b). Smallwood v. NCsoft Corp., 730

F. Supp. 2d 1213, 1232–1233 (D. Haw. 2010).  Rule 9(b) requires a
party asserting a claim involving fraud to "state with
particularity the circumstances constituting fraud[.]"  Fed. R.
Civ. P. 9(b).  The claim must "be accompanied by the 'who, what,
when, where, and how' of the misconduct charged."  <u>Kearns v. Ford
Motor Co.</u>, 567 F.3d 1120 (9th Cir. 2009) (internal citation and
quotation marks omitted); <u>see</u> <u>Alan Neuman Prod., Inc. v.
Albright</u>, 862 F.2d 1388, 1393 (9th Cir. 1988).

## A. Unfair and Deceptive Business Practice Act Claims Based on Fraud

Count III is based on the same factual allegations that fail
to state a claim for fraud.  Almaden alleges that "Peninsula
Mortgage and/or Flagstar Bank have manufactured or reverse
engineered documents in order to facilitate a wrongful
foreclosure in addition to predatory servicing practices."
(Complaint at ¶ 90).  Plaintiff claims that "Peninsula Mortgage
and Flagstar Bank have failed to disclose the real party in
interest in a timely manner that would have allowed Plaintiff to
know who the investor was and see if a work out would be honored
without the necessity of engaging in litigation."  (Complaint at
¶ 90).  Plaintiff also argues Defendants failed to grant
Plaintiff a loan modification or work out.  (<u>See</u> Complaint at ¶
90(d).)

Count III appears to be derivative of Count I.  Count III
fails to state a claim because it is not pled with the requisite
particularity.  Abubo, 2011 WL 6011787, at *9 (citing Smallwood
v. NCsoft Corp., 730 F.Supp.2d 1213, 1232-33 (D. Haw.
2010)(relying on Kearns v. Ford Motor Co., 567 F.3d 1120, 1122
(9th Cir. 2009) to hold that HRS Ch. 480 claims that sound in
fraud must be pled with particularity).

## B. HAMP Guidelines

To the extent Plaintiff asserts that Defendants breached the
Home Affordable Modification Program ("HAMP") guidelines,
(Complaint at ¶¶ 46-59), "there is no express or implied private
right of action to sue lenders or loan servicers for violation of
HAMP." Rey, 2012 WL 253137, at *9 (citing Dodd v. Fed. Home Loan
Mortg. Corp., 2011 WL 6370032, at *12 (E.D. Cal. Dec. 19, 2011)
(collecting cases)).

Allowing Count III to proceed pursuant to H.R.S. § 480-2(a)
would not give Defendants sufficient notice of Plaintiff's
claims.  Count III is **DISMISSED WITH LEAVE TO FILE A MOTION TO
AMEND.**

## COUNT V [sic]: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

To state a claim for intentional infliction of emotional
distress a plaintiff must allege: "(1) that the act allegedly

24

causing the harm was intentional or reckless, (2) that the act was outrageous, and (3) that the act caused (4) extreme emotional distress to another." Enoka v. AIG Haw. Ins. Co., 128 P.3d 850, 872 (Haw. 2006) (internal citation and quotation marks omitted).

Generalized allegations that are lacking in clarity fail to satisfy the requirements of Fed. R. Civ. P. 8.  Kapahu, 2010 WL 2734774, at *7; see also Rymal v. Bank of America, 2011 WL 1361441, at *10-11.  Default and foreclosure proceedings generally do not rise to the level of extreme and outrageous conduct because denying a loan modification which might result in foreclosure is no more "outrageous in character" than actually foreclosing. Doran v. Wells Fargo Bank, Civ. No. 11-00132 LEK-KSC, 2011 WL 5239738, at *10-11 (D. Haw. Oct. 31, 2011) (quoting Uy v. Wells Fargo Bank, N.A., Civ. No. 10-00204, 2011 WL 1235590, at *14 (D. Haw. Mar. 28, 2011).

Plaintiff claims that she suffered mental and emotional distress due to "Peninsula Mortgage and Flagstar Bank's failure to disclose the real investor in a timely manner" and "due to Flagstar's lies about modification[.]"  (Complaint at ¶ 93.) These generalized allegations do not satisfy the requirements of Fed. R. Civ. P. 8.

Plaintiff's claim for intentional infliction of emotional distress is **DISMISSED WITH LEAVE TO FILE A MOTION TO AMEND.**

## MOTION TO AMEND

If Plaintiff wishes to proceed with her lawsuit, Plaintiff must attach a proposed amended complaint to any motion for leave to file an amended complaint.  Any proposed amended complaint must contain sufficient factual detail, including the dates of the relevant transactions for statute of limitations purposes, to state a claim for relief that is plausible. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see also Parrino, 146 F.3d at 706 (plaintiffs should not be able to survive a "Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based . . . .").

Plaintiff's counsel is strongly advised to review the requirements of Fed. R. Civ. P. 11 before filing a motion to amend and proposed amended complaint.  Any claim asserted by the Plaintiff must contain a factual basis, which Plaintiff must specifically allege for each claim asserted.  Plaintiff must distinguish between the Defendants, and specifically identify which Defendant is alleged to have committed which wrongful acts. Any proposed amended complaint must expressly state whether any claims are based on acts committed by the original lender or an assignee.

If it becomes clear that Plaintiff's counsel is seeking to assert claims that lack any identifiable basis in fact, and is merely attempting to improperly prolong the litigation or advance

26

a purpose that is improper under Fed. R. Civ. P. 11, the Court may impose sanctions.

<u>CONCLUSION</u>

Defendants Flagstar Bank FSB, Mortgage Electronic Registration Systems, Inc., Federal Home Loan Mortgage Corporation's Motion to Dismiss (Doc. 4) is **GRANTED** and Defendant Peninsula Mortgage, Inc.'s Motion to Dismiss (Doc. 9) is **GRANTED.**

The Complaint (Doc. 1) is **DISMISSED** in its entirety, **WITH LEAVE TO AMEND THE COMPLAINT IN PART**, as followed:

(1)   Count II fails to state a claim for which relief can be granted and, therefore, is **DISMISSED WITH PREJUDICE**.

(2)   Counts I, III, and V [sic] fail to state claims for which relief can be granted.  As pled, Counts I, III, and V [sic] fail to allege sufficient plausible facts that would give rise to a cause of action and are **DISMISSED WITH LEAVE TO FILE A MOTION TO AMEND THE COMPLAINT**.

Plaintiff must attach a proposed amended complaint to any motion for leave to amend.  The proposed amended complaint must state claims that satisfy the standards identified in this Order. Plaintiff does not have leave to add any new defendants, causes of action, or theories of liability.  Any such motion shall be filed no later than January 31, 2013. If Plaintiff fails to file

a motion for leave to amend the complaint by that date, the
Complaint against Defendants will automatically be dismissed with
prejudice.

Defendants shall file any response to the motion for leave
to amend the complaint by February 21, 2013.


IT IS SO ORDERED.

Dated: December 28, 2012, Honolulu, Hawaii.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge


Gena Almaden v. Peninsula Mortgage, Inc., et al.; Civil No. 12-
00390 HG-BMK; **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
THE COMPLAINT (DOC. 4, DOC. 9)**